Good morning, Mr. Rogow. Good morning, Your Honor. May it please the Court, Bruce Rogow, Matthew Chait, and Jonathan Hart, representing North Star. Document 146, pages 6 to 7, are critical in this case, and there the District Court approved the Magistrate's recommendation that between North Star and ADT, there was no privity. They were not intertwined. There was no control. There was no involvement in the underlying litigation that North Star had. Is that a question of fact? It is a question of fact, and the judge made those findings a fact. We would review that for clear error. That's correct. It seems to me the problem with the de facto merger determination is that there's been no finding by the District Court, nor any evidence really, that North Star had actual notice of the injunction. There's no evidence of that? That's correct? More importantly, no finding of it. And certainly no finding of it. It seems to me that the Federal Rule of Civil Procedure 65D would require that finding. It would. 65D obviously circumscribes the situations in which a non-party, or in which anybody, may be held under an injunction. The ultimate question in this case is, when can a non-party be bound by an injunction? Yes. If we were to agree with you about that, and vacate the order that held that your client was bound by the injunction, would that be the right disposition to vacate it and remand? And remand with directions, basically, to dismiss any action against North Star. Well, I wondered about that. It might be that on this record, there's not a basis for holding your client bound by the injunction, but it does not seem to me self-evident that the District Court could not entertain new or additional evidence that would comply with Rule 65. In which case, based on a different record, the District Court might be able to make that finding. But if it was fair to rule that your client was bound by the injunction under a state law theory of de facto merger, that doesn't necessarily foreclose binding your party based on a different record. But the District Court had all of the evidence in front of it, tried this case for several days, and made findings based upon the factual record that was developed. So going back and having a redo, in effect, of this hearing seems to me to be inappropriate. It wouldn't be so much a redo, but it might be just, I mean, the rule contemplates that if you're in active concert with, and you have actual notice of the injunction, that you could be bound by an injunction. Let's talk about Mr. Harris first, isn't that his name? That is his name. And he's not a party to this, in fact. I know. So the District Court held that he was bound by the injunction. Well, the District Court actually held that he wasn't and rejected that this is not in this record because it's not part of it. Well, this has happened since then. It did happen since then. Well, I thought, though, in conjunction with the proceeding that is now up before us, the court had held that he was bound by the injunction. Now, perhaps it was held later that he had not violated the injunction. That he's not in contempt. He was not subject. He's not in contempt, right. That's correct. So that part is out for now. But he's bound by the injunction, right? He was found to be bound by the injunction. That hasn't changed, has it? That has not changed. Right. And so, presumably, if he were to do something, he who is bound by the injunction, if he were to do something later, new facts, right, that's in active participation with your client and your client now has notice of the injunction, it might be different. Well, you know, it might be different. The trouble I'm having, Judge Pryor, is that basically what we're talking about now is a redo, really, of the trial that took place with regard to whether or not Norton . . . No, no, no. Well, I guess I'm saying not based on what we already have in this record. We could say this record's not sufficient to say that your client's bound. It's not to say, though, that there couldn't be different facts involving the same injunction and your client that would mean that your client is bound by it. And what I'm struggling with, Judge Pryor, is having had the hearing in which that was the subject of the hearing and the evidence was related to that, to go back and have another hearing basically with the same evidence, that's what I'm having trouble with, understanding why that . . . I'm contemplating it'd be different evidence. Let's leave that for a second. Yes, Your Honor. I think the other thing, if it was remanded, that is of interest to me is if you look at the de facto merger doctrine, I'll try to explain this logically, and if you look at the criteria for that, there is, and you rely upon this a lot, that you have to have cessation of activity, liquidation of assets, and dissolution of the company. That's because what's a merger? A merger is a combining of two organizations and entities into one. In this case, there wasn't. Correct. And you can, in the district court, if they looked at it a different way, maybe if we gave some guidance on this, that where you don't have a complete cessation, that you're taking the de facto merger doctrine and saying you don't have to have a merger, be it actual or de facto. Unless, where you only take a business unit of the enjoined company and that gets transferred or merged with or combined with a business unit of another company, which I think then goes to the due process arguments that if you're a door star and you're saying, look, we saw this, even if we knew about this litigation, we would have taken a whole different approach if we're talking about a subset of our business being litigated and nobody protected our interests at the original trial. And a judge might say, this is not really a strict application of the de facto merger doctrine. In fact, it's a new twist on it that may or may not be legally valid under the law that's being applied. And our position is that it was a misuse of the de facto merger doctrine. There was no merger. There was no de facto merger. And one of the essential elements of de facto merger is that the former company would have to be dissolved. Because you're absolutely right, Judge Duffy, in a merger, one company is combined with another company. That's not the case here. It doesn't mean, though, that even on the same factual record, that looking at it in more detail, saying, well, I know that doesn't meet the all four criteria that have to be met for a de facto merger. But in today's business environment, maybe you can have, because you have these separate business units that are so autonomous or separate from the main business or other businesses of the company, that you could have a partial de facto merger. The partial de facto merger would be a new wrinkle on this de facto merger concept. But when you look at the cases in which there has been a situation in which an acquiring company, acquiring all of the company, is held to whatever the injunction or the National Labor Relations Act findings were, it is basically a complete takeover. So buying 8,000, because that's what they bought, 8,000 customers, does not make them and put them in a situation in which they are, therefore, ADTs, they are liable to ADT for conduct in a situation in which they are completely separate. Can we get into the de facto merger doctrine at all when it's a question of state law? And the question here involves, first and foremost, satisfying federal rule of civil procedure 65D, a question of federal law, that to me, it seems as if, if there's not actual notice, that's really the end of the inquiry, and we don't have to try to decide a question of state law involving de facto merger. Well, if the suggestion is that this order be vacated, I obviously am not going to get in the way of that result. You could help us, Mr. Rogoff, though. I understand that you would like for your client to win, but you could help us in just doing it the right way, right? That's a question of federal law that has to be satisfied. Why should we, as a federal court, decide something we don't have to decide when it involves a state law question of de facto merger? In order to bring some finality to this proceeding and not have it go on once more, there is a trial that's set in two weeks on damages. In fact, maybe the court might consider staying this trial on damages. We had asked for a stay, and in two weeks, there's a trial set on damages under this order that's on appeal and the contempt finding that has been made. You want to file a motion for a stay, which I don't see how any of that is responsive to what I just asked, but if you want to file one, you certainly can, and we could adjudicate that. You're absolutely right, Judge Pryor. Rule 65 is a starting point. This fails. This decision below fails under Rule 65, but it also fails on the doctrine that they used, which was a de facto merger doctrine. Let me try and see if I can. Yes, Judge Martin. If your client was not a party to the lawsuit that resulted in the injunction, and it wasn't in privity with any party that was in that lawsuit, then why do we need to decide whether there was a de facto merger? You don't need to decide that. You can stop right there with a reversal of this order. I think that the point that I'm trying to make is what happens then, and Judge Pryor, you're suggesting it goes back and it could be basically retried under . . . New evidence. I'm saying that any party who has an injunction in their favor can always bring to the attention of the court and always move the court for an order to show cause why someone should not be held in contempt of that injunction and make a new record. It may be that your client now has actual notice and does something in conjunction with someone like its president who has been held to be bound by the injunction that would make for a different case. That's not really before us. It may be the best way. You may have convinced me that the answer is not really to remand it, but to just vacate this order and leave it at that. If there were new conduct and there was a new order to show cause, I would agree if         It helps. It helps. It helps. It helps. It helps. It helps. It helps. It helps. It helps. It helps. It helps. It helps. It helps. Okay, thank you. You've saved three minutes for rebuttal. Mr. McNew. May it please the Court. My name is Sanders McNew. I'm here representing the Appo Lee ADT. I disagree with the analysis of the de facto merger doctrine. I think it's important for the Court to review the record and understand how we ended up de facto mergers. It was actually the respondent, North Star, that first raised the standard of a de facto merger. If you look in Volume 2 of the record, it's document 108-36 at page 2 in response to our letter notifying the company that there was an issue with violations of the injunction. The company's response was, the law is well settled. The corporation that purchases or otherwise acquires the assets of a second corporation does not assume the debts or liabilities, Bud Antle v. Eastern Foods, 758 F. 2nd, 1451. Although there were ... Tell me this. Yes, sir. Why do we need to get into this? Because, like, see ... It seems to me the district court did not make a finding that North Star had actual notice of the injunction. Absent that under Federal Rule of Civil Procedure 65D, this order's defective. It seems to me we have to vacate it. I would go back to what you said at the beginning. If the Court rules to vacate, I think it should remand because the question of notice, I believe, is answered by the Golden State case, Supreme Court case. I don't see that. See, at the Golden State case, there actually was a finding. There was a factual determination that ... In fact, let's talk about Golden State. There was a factual determination, there was testimony that by the manager and the president of Golden State that they didn't inform all American of the litigation before the completion of the sale. Correct. And the board, or the trial examiner, discredited that testimony and found that, in fact, they were aware of it, okay? So there's ... And then there's a deferential standard of review. The Supreme Court affirms that finding. We don't have that kind of finding here. Well, you do have the two persons who were able to address that issue appear at the evidentiary hearing and neither one of them asserts that they weren't aware of the prior litigation. In fact, the timing of the ... There just were a lot of questions, though, that weren't asked of them that could have been and my question to you is, the district court didn't make the finding that Rule 65 requires, it seems to me. Am I wrong? Where did the district court make that finding? You are correct, Judge, but let me ... I would like to go back to this point of how the decision came to be as it was. It was the respondents who framed this as a question of de facto merger. If you look at, as I said, 108-36 at page two, they say this is a de facto merger issue and we go through briefings before and after an evidentiary hearing. It was a three hour hearing. It wasn't a several day hearing. It was a three hour hearing and nobody at the time raised the question of notice. They didn't raise the question of notice. They framed it as a de facto merger. We answered as a de facto merger. We said we don't think the standard is that high, but that's their standard. Under their standard, they are liable. We argued their frame of this. My problem, though, with that is that de facto merger doesn't answer what Federal Rule of Civil Procedure 65 requires. Judge, I believe there is a rule of invited error in this court. I believe that the Ford and Garcia case says it is a cardinal rule of appellate review that a party may not challenge as error a ruling invited by that party. If it was error . . . Where did Northstar invite the district court to hold it bound by the injunction? It invited the court to analyze it as a de facto merger. Their argument, though, was that they are not bound by the injunction, right? Ultimately, yes, but the argument of notice is a new argument. We get invited error all the time where the defendants ask the district court, sentence me to sixty-five months. Then on appeal says the district court sentences them to sixty-five months and then we get an argument that that's unreasonable. That's invited error. This doesn't strike me as that kind of circumstance. Well, Judge, they chose the frame. They chose the de facto merger frame. We all argued the de facto merger frame. Their papers to the magistrate, Judge . . . They were arguing it for the opposite conclusion, weren't they? They were arguing it for the determination that they were not, in fact, bound by the injunction. That's right. They were saying that under the de facto merger rule that there wasn't a merger. Ultimately . . . We argued about . . . We argue their frame of the law. The judge agrees with us and then they throw the frame out and say, well, no, that's the wrong frame. We should have been arguing about something else. A question of what has to be found by a district court and as a district court, I know my obligation is that if I make a ruling that I have to understand that if I'm making a ruling under Rule 65, I have to look at all the things that need to be found. And that's a finding in order for there to be an injunction imposed against somebody that has to be made. And I think all we're saying is that that wasn't made. I assume that you would have said, by the way, they all knew about it and let me ask some questions to establish that and shouldn't that be established now to see whether or not the tenets and requirements of Rule 65 are met? Well, I believe that by operation of the de facto merger doctrine, by operation of law and the finding of de facto merger is a finding of fact. The import of it is a question of law. And I have a case, a Fourth Circuit case on that if you think that's controversial, but I don't think it is. The court found that they were identical by de facto merger. So by operation of law, that finding means that as of the date of the transaction, they succeeded to the liabilities, the injunction, the knowledge, there's not a question of knowledge here because by operation of law, they are now one entity and the successor who takes is charged with the knowledge of the predecessor. So I don't think if you analyze it by, if you analyze it by golden state, I think the court's position has merit. But if you analyze it by the frame that the appellants chose for this argument and that the district court and ADT followed, they, the court concluded after hearing testimony, having a full record, that there was a de facto merger. That's a finding of fact. That's entitled to deference. So and the question of notice is irrelevant in those facts because the acquiring company takes all of the, because it's the same company now, right, under the doctrine. Now we can talk about the doctrine because I understood there were questions in the opening presentation about whether this could be a de facto merger or not. I would suggest to you that the court has decided that and it's an abuse of discretion standard and there's no abuse here. And I can address the reasons why that decision makes sense. There was a question as to whether or not, there was a question as to whether or not the fact that the company hadn't formally dissolved makes this something less than a merger. Well, the case law is clear that the one requirement of the four requirements that you must have, and this is in Bud Antle, right, is continuity of ownership. That's present here. No one suggested that it isn't. The other three factors are not requirements. They are guides that are meant to guide the court in its decision. Bud Antle followed a case out of the Third Circuit called Atlas Tool Company vs. Commissioner and that's 614 F. 2nd, 860, and at page 870, the Third Circuit said, every factor is not essential for applying the doctrine. That is not a controversial position. It's in Fletcher on corporations. You go to Fletcher section 7124.20, it is not necessary that all these factors be found for there to be a de facto merger and it collects a bunch of cases, five for that proposition, but there are thousands of cases that say that. Mr. McNeely, I was looking back through these briefs where I didn't see where there was any kind of waiver argument and I don't really see one. The issue that's being raised here, I'm really raising, you would, I think, have us rule that because the parties litigated about the wrong question, de facto merger, in the district court and we got a determination about that in the district court and now we're here with an argument by Northstar that they should not be bound by the injunction and the parties, again, are arguing about de facto merger. I look at the case and I say, what kind of ruling are we going to enter when that really is irrelevant, when federal law hasn't been complied with? We going to issue a ruling that never mind because the parties didn't argue what the right question was, we're going to bless that kind of injunction and let district courts and the circuit think that that would be a proper basis to hold a non-party to be bound by an injunction. That's my problem. I don't see that so much as invited error or waiver or anything like that. It's really something I'm raising because I don't see how we can possibly bless this kind of injunction, the absence of that kind of finding. So, you don't agree that a merger, the successor by merger does not succeed to the knowledge of the predecessor for the purposes of Rule 65? You want to give me the case for that? The determination that there's been a de facto merger under state law necessarily means that the new entity has actual notice that satisfies Rule 65 in the absence of a finding by the district court of that actual notice, which seems to me to be a question of fact, not law. Judge, I would suggest to you that it's not a question of legal precedence, it's a matter of logic. If there is a merger . . . Is an actual notice a question of fact? It's actual notice. Yes, sir. I would agree with that. Okay. And the determination of a de facto merger is not a determination of actual notice, is it? No, sir, but it subsumes within it the knowledge of the predecessor company. Was there any finding by the district court that by the application of law, the actual notice requirement is met? I don't think there was, was there? No, sir. But I think if the court . . . I hear the questions and I understand the court's concerns, but I think the question of an outright reversal throws the baby out with the bathwater. This is . . . The circuit said that these proceedings are meant to be summary and executed with dispatch, but we're now in the second year of a process. You know why the actual notice requirement's in the rule, right? To satisfy the due process clause of the Constitution. I understand that, Judge, but I come back to by operation of law and logic, it makes no sense to talk about actual notice because they are legally identified as the same entity now. So, to me, I don't understand how . . . I understand the question. I understand the court's concern. I don't understand how the court can blink the legal effect of a merger. If this had been a de jure merger rather than a de facto merger, I don't think the court would have at least hesitation in saying that that requirement's met here. So, I don't understand why there's a difference because, in this instance, it is by operation of a court's determination based on the facts rather than a document that actually says merger. I don't see there's a doctrinal basis for making that distinction here. I guess, from my point of view, we have the luxury of looking back at people's strategic decisions going into this type of litigation and thinking, well, might not have been better if they did it this way. It seems to me that if you had gone ahead and just moved for an injunction against North Star, instead of trying to go directly for the contempt under the case against Vision, in hindsight, that might have saved you a lot of time. I mean, I'm looking at your .